1  Paul A. Stewart (SBN 153,467)
   paul.stewart@knobbe.com
2  Ali S. Razai (SBN 246,922)
   ali.razai@knobbe.com
3  Nicole Rossi Townes (CA SBN 272,342)
   nicole.townes@knobbe.com
4  KNOBBE, MARTENS, OLSON & BEAR, LLP
   2040 Main Street, Fourteenth Floor
5  Irvine, CA  92614
   Phone: (949) 760-0404
6  Facsimile: (949) 760-9502

7  David G. Kim (SBN 307,821)
   david.kim@knobbe.com
8  KNOBBE, MARTENS, OLSON & BEAR, LLP
   1925 Century Park East, Suite 600
9  Los Angeles, CA 90067
   Telephone: (310) 551-3450
10 Facsimile: (310) 601-1263

11 Attorneys for Plaintiff,
   DELICATO VINEYARDS

12

13

14

15                    IN THE UNITED STATES DISTRICT COURT

16                FOR THE NORTHERN DISTRICT OF CALIFORNIA

17

| | |
|---|---|
| DELICATO VINEYARDS, a California corporation, | ) ) Case No. 3:20-cv-7668-JSC ) |
| Plaintiff, | ) **FIRST AMENDED COMPLAINT FOR** ) **TRADEMARK INFRINGEMENT,** ) **FALSE DESIGNATION OF ORIGIN,** ) **UNFAIR COMPETITION, AND** |
| v. | ) **CANCELLATION OF TRADEMARK** ) **REGISTRATION** |
| ALEXA COHN, KATIE BARRY, and ANDREW COHN, individuals, and FEMME BOTA, LLC, an Arizona limited liability company, d/b/a BOTA BACKPACK, | ) ) **DEMAND FOR JURY TRIAL** ) ) ) ) |
| Defendants. | ) ) ) |

25

26

27

28

Plaintiff Delicato Vineyards ("Delicato") hereby complains of Defendants Alexa Cohn, Katie Barry, Andrew Cohn (collectively, the "Individual Defendants"), and Femme Bota, LLC ("Femme Bota") and alleges as follows:

## I. INTRODUCTION

1.     Delicato is a family-owned wine company that was founded in California in 1924.  For more than 90 years, the Indelicato family has owned and operated Delicato Vineyards, which is one of the fastest growing top-ten wine companies in the United States. Delicato has offered wine under the distinctive trademarks BOTA®, BOTA BOX®, BOTA MINI®, and BOTA BRICK® (collectively, "BOTA® Marks") for almost seventeen years and, through significant time, effort, and expense, Delicato has amassed considerable goodwill in its BOTA® Marks.  Recently, Delicato learned that Femme Bota began using the identical BOTA mark and confusingly similar BOTA BACKPACK mark in connection with its products, including backpacks for carrying beverages.

## II. INTRADISTRICT ASSIGNMENT

2.     This action is an intellectual property action subject to district-wide assignment pursuant to Local Civil Rules 3-2(c) and 3-5(b).

## III. JURISDICTION AND VENUE

3.     This is an action for (1) trademark infringement under 15 U.S.C. § 1114, (2) trademark infringement and false designation of origin under 15 U.S.C. § 1125(a), (3) petition for cancellation of U.S. Trademark Registration No. 5,922,942, (4) unfair competition under California Business & Professions Code §§ 17200, *et seq.*, and (5) California common law unfair competition.

4.     The Court has original subject matter jurisdiction over the claims that relate to trademark infringement,  false designation of origin, and cancellation of a U.S. Trademark Registration pursuant to 15 U.S.C. §§ 1116 and/or 1121(a) and also pursuant to 28 U.S.C. §§ 1331 and 1338, as these claims arise under the laws of the United States.  The Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. §§ 1338(b) and 1367(a), because the state law claims are

so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

5.     This Court has personal jurisdiction over Femme Bota because Femme Bota has a continuous, systematic, and substantial presence within this Judicial District and within California.  Femme Bota's office is located within this Judicial District at 275 South Maple Avenue, South San Francisco, California.  Femme Bota advertises, markets, promotes, sells, and offers to sell its products in California, including in this Judicial District.  In addition, by committing acts of trademark infringement, false designation of origin, and unfair competition in this Judicial District, including, but not limited to, by using infringing marks in connection with the advertisement, marketing, promotion, sale, and offer for sale of goods to customers in this Judicial District, Femme Bota's acts form a substantial part of the events or omissions giving rise to Delicato's claims.

6.     This Court has personal jurisdiction over the Individual Defendants because the Individual Defendants reside in California or did so at the time of the events giving rise to this Complaint.  In addition, the acts forming a substantial part of the events or omissions giving rise to Delicato's claim against the Individual Defendants occurred in California.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) as to Femme Bota at least because Femme Bota conducts business as Bota Backpack, which has a principal place of business is in this Judicial District, and a substantial portion of the events complained of herein have taken place in this Judicial District.

8.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b) and (c) as to the Individual Defendants at least because the Individual Defendants reside in California, or did so at the time of the events giving rise to this Complaint, and the acts forming a substantial part of the events or omissions giving rise to Delicato's claim against the Individual Defendants occurred in California.

## IV.  <u>THE PARTIES</u>

9.      Delicato is a corporation organized and existing under the laws of the State of California, having a principal place of business at 12001 South Highway 99, Manteca, California 95336.

10.     Femme Bota is a limited liability company organized and existing under the laws of the State of Arizona, having a principal place of business at 702 E. Osborn Road, #200, Phoenix, AZ 85014, and doing business as Bota Backpack, having a principal place of business at 275 South Maple Avenue, South San Francisco, California.  Attached hereto as **Exhibit A** is a true and correct copy of the Articles of Organization for Femme Bota, approved by the Arizona Corporation Commission.

11.     Delicato is informed and believes, and based thereon alleges that Defendant Alexa Cohn is an individual residing at 2664 Harrison Street, San Francisco, California 94110. Alexa Cohn is a member and the sole manager of Femme Bota.  Upon information and belief, Alexa Cohn is identified as a team member of Bota Backpack.  Attached hereto as **Exhibit B** is a true and correct copy of the webpage https://botabackpack.com/pages/team-bota (last accessed on November 19, 2020) identifying "Alexa and Katie" as members of "Team Bota."

12.     Delicato is informed and believes, and based thereon alleges that Defendant Katie Barry is an individual residing at 40 Harrison Street, Apartment F, New York, New York 10013.  Delicato is informed and believes, and based thereon alleges that Defendant Katie Barry resided in California and this judicial district at the time of the acts forming a substantial part of the events or omissions giving rise to Delicato's claim against the Individual Defendants. Katie Barry is a member of Femme Bota.  Upon information and belief, Katie Barry is identified as a team member of Bota Backpack.  *See* Exhibit B.

13.     Delicato is informed and believes, and based thereon alleges that Defendant Andrew Cohn is an individual residing at 6019 East Mariposa Street, Scottsdale, Arizona 85251.  Defendant Andrew Cohn also has a home in and resides in Newport Beach, California.

## V.  <u>GENERAL ALLEGATIONS</u>

14.     Delicato is a family-owned and operated wine company that has been dedicated

to innovation, quality, and environmental stewardship since its founding in California in 1924. Four generations of the Indelicato family have worked tirelessly to create superior quality wines.  These tremendous efforts have made Delicato not only one of the fastest growing top-ten wine companies in the United States, but also one that is perennially recognized for its quality.

15.    In 2003, long before Defendants' acts described herein, Delicato began using the BOTA® Marks for wine.  Delicato regularly sells over five million cases of wine per year under the BOTA® Marks through major retail outlets in all 50 states and internationally.

16.    Delicato's wines sold under the BOTA® Marks have received Shanken's Impact Hot Brand awards each year for the last twelve consecutive years and more than fifty "Best Buy" awards from *Wine Enthusiast*.

17.    Delicato owns U.S. Trademark Registration No. 3,519,182 (the "'182 Registration") for the BOTA BOX® mark, which was filed on September 14, 2007.  Attached hereto as **Exhibit C** is a true and correct copy of the '182 Registration, which is incorporated by reference.  Pursuant to 15 U.S.C. § 1065, the '182 Registration is incontestable.

18.    Delicato owns U.S. Trademark Registration No. 4,606,926 (the "'926 Registration") for the BOTA MINI® mark, which was filed on July 26, 2013.  Attached hereto as **Exhibit D** is a true and correct copy of the '926 Registration, which is incorporated by reference.  Pursuant to 15 U.S.C. § 1065, the '926 Registration is incontestable.

19.    Delicato owns U.S. Trademark Registration No. 4,581,650 (the "'650 Registration") for the BOTA® mark, which was filed on July 26, 2013.  Attached hereto as **Exhibit E** is a true and correct copy of the '650 Registration, which is incorporated by reference.  Pursuant to 15 U.S.C. § 1065, the '650 Registration is incontestable.

20.    Delicato owns U.S. Trademark Registration No. 4,693,255 (the "'255 Registration") for the BOTA BRICK® mark, which was filed on November 19, 2013.  Attached hereto as **Exhibit F** is a true and correct copy of the '255 Registration, which is incorporated by reference.  Pursuant to 15 U.S.C. § 1065, the '255 Registration is incontestable.

21.     As a result of Delicato's long, continuous, extensive and exclusive use of the BOTA® Marks, as well as its marketing, promotion, and sale of products under the marks, the relevant public has come to recognize the BOTA® Marks as identifying products that originate from or are otherwise associated exclusively with Delicato.  Delicato has spent enormous, time, effort, and expense to create valuable goodwill in the BOTA® Marks.

22.     At least fifteen years after Delicato started using the BOTA® Marks for wine, Femme Bota began using the BOTA and BOTA BACKPACK marks in connection with backpacks for carrying beverages.

23.     On April 18, 2018, the Individual Defendants filed U.S. Trademark Application No. 87/788,3248 for the BOTA BACKPACK mark for "Backpacks for carrying hydrating fluids, not to include alcoholic beverages; Backpacks compatible with personal hydration systems, sold empty."  During the prosecution of this application, the Individual Defendants agreed to a disclaimer for "BACKPACK."  On November 26, 2019, the Individual Defendants' trademark application matured into U.S. Registration No. 5,922,942 ("the '942 Registration").  Attached hereto as **Exhibit G** is a true and correct copy of the '942 Registration, which is incorporated by reference.

24.     Delicato is informed and believes that the Individual Defendants have licensed the '942 Registration and the BOTA BACKPACK mark to Femme Bota.

25.     On May 5, 2020, Delicato sent Defendant Alexa Cohn, a member and the sole manager of Femme Bota, a cease and desist letter demanding that Defendants cease using the BOTA and BOTA BACKPACK marks.  Attached hereto as **Exhibit H** is a true and correct copy of Delicato's cease and desist letter dated May 5, 2020.

26.     Despite Delicato's letter dated May 5, 2020, Femme Bota has continued to use the BOTA and BOTA BACKPACK marks.

27.     Defendants are not affiliated with Delicato.  Delicato has never given Defendants license, permission or authority to use or display the BOTA® Marks or any similar marks.

28.     Femme Bota has attempted to capitalize on Delicato's valuable reputation and

customer goodwill in the BOTA® Marks by using the identical BOTA mark and confusingly similar BOTA BACKPACK mark in connection with the advertisement, marketing, promotion, sale, and/or offer for sale of backpacks for carrying beverages.  Femme Bota's backpacks for carrying beverages sold in connection with the identical BOTA mark and confusingly similar BOTA BACKPACK mark are highly related to Delicato's products which are beverages.

29.     As an example, Femme Bota d/b/a Bota Backpack, sells the "Mayfair" backpack with the BOTA mark on its website.  Attached hereto as **Exhibit I** is a true and correct copy of the webpage   https://botabackpack.com/collections/backpacks/products/the-mayfair   (last accessed on November 19, 2020) illustrating the "Mayfair" backpack for sale on the Bota Backpack website.

30.     Femme Bota was aware of Delicato's BOTA® Marks at least as early as May 5, 2020 when Delicato sent its cease and desist letter to Femme Bota's member and sole manager, Alexa Cohn.  Despite being aware of Delicato's cease and desist letter, Femme Bota has continued to use the infringing BOTA and BOTA BACKPACK marks.

31.     Without permission or consent from Delicato, Femme Bota has infringed Delicato's BOTA® Marks in interstate commerce by advertising, marketing, promoting, selling, and/or offering to sell products under the BOTA and BOTA BACKPACK marks.

32.     Delicato is informed and believes, and based thereon alleges that Femme Bota's actions alleged herein are intended to cause confusion, mistake, or deception as to the source of Femme Bota's products and are intended to cause consumers and potential customers to believe that Femme Bota's products are associated with, sponsored by, originate from, or are approved by, Delicato, when they are not.

33.     By virtue of the acts complained of herein, Femme Bota has created a likelihood of injury to Delicato's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of, origin or relationship of Femme Bota's products with Delicato, and have otherwise competed unfairly with Delicato by unlawfully trading on and using Delicato's BOTA® Marks without Delicato's permission or consent.

34.     Delicato is informed and believes, and based thereon alleges that Femme Bota's acts complained of herein are willful and deliberate.

35.     Femme Bota's acts complained of herein have damaged Delicato in an amount to be determined at trial, and such damages will continue to increase unless Femme Bota is enjoined from its wrongful acts and infringement.

36.     Femme Bota's acts complained of herein have caused Delicato to suffer irreparable injury to its business.   Delicato will suffer substantial loss of goodwill and reputation unless and until Femme Bota is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## VI.  FIRST CLAIM FOR RELIEF

(Trademark Infringement under 15 U.S.C. § 1114)

37.     Delicato hereby repeats, realleges, and incorporates by reference paragraphs 1-36 of this Complaint as though fully set forth herein.

38.     This is a claim for trademark infringement against Femme Bota under 15 U.S.C. § 1114.

39.     Delicato owns valid and enforceable federally registered trademarks for the BOTA® Marks, specifically the '182 Registration, '926 Registration, '650 Registration, and '255 Registration.

40.     Femme Bota has used in commerce, without permission from Delicato, identical and confusingly similar marks to Delicato's BOTA® Marks, which are the subject of the '182 Registration, '926 Registration, '650 Registration, and '255 Registration, in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Femme Bota's products. Such use is likely to cause confusion or mistake, or to deceive.

41.     Delicato is informed and believes, and based thereon alleges that Femme Bota acted with the intent to trade upon Delicato's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Femme Bota's products are associated with, sponsored by, originate from, or are approved by, Delicato, when they are not.

42.     Femme Bota's activities complained of herein constitute willful and intentional infringement of Delicato's registered trademarks.

43.     Delicato is informed and believes, and based thereon alleges that Femme Bota had actual knowledge of Delicato's ownership and prior use of the BOTA® Marks, and that Femme Bota has willfully infringed Delicato's trademark rights under 15 U.S.C. § 1114.

44.     Femme Bota, by its actions, have damaged Delicato in an amount to be determined at trial.

45.     Femme Bota, by its actions, have irreparably injured Delicato.  Such irreparable injury will continue unless Femme Bota is preliminarily and permanently enjoined by this Court from further violating Delicato's rights, for which Delicato has no adequate remedy at law.

### VII.  SECOND CLAIM FOR RELIEF

(Trademark Infringement and False Designation of Origin

under 15 U.S.C. § 1125(a))

46.     Delicato hereby repeats, realleges, and incorporates by reference paragraphs 1-45 of this Complaint as though fully set forth herein.

47.     This is a claim for trademark infringement and false designation of origin against Femme Bota under 15 U.S.C. § 1125(a).

48.     As a result of Delicato's widespread use and promotion of the BOTA® Marks, the marks have acquired strong secondary meaning to consumers and potential customers, in that consumers and potential customers have come to associate the BOTA® Marks with Delicato.  Delicato's BOTA® Marks are also inherently distinctive.

49.     Femme Bota has infringed the BOTA® Marks and created a false designation of origin by using in commerce, without Delicato's permission, identical and confusingly similar marks in connection with the advertising, marketing, promotion, sale, and/or offer for sale of Femme Bota's products.

50.     Femme Bota's actions are likely to cause confusion and mistake, or to deceive as to the affiliation, connection, or association of Femme Bota with Delicato, and/or as to the

First Amended Complaint
3:20-cv-7668-JSC                                          -8-

origin, sponsorship, or approval of Femme Bota's products or commercial activities, in violation of 15 U.S.C. § 1125(a).

51.  Delicato is informed and believes, and based thereon alleges that Femme Bota has done so with the intent to trade upon Delicato's reputation and goodwill by causing confusion and mistake among customers and the public and to deceive the public into believing that Femme Bota's products are associated with, sponsored by, or approved by Delicato, when they are not.

52.  Delicato is informed and believes, and based thereon alleges that Femme Bota had actual knowledge of Delicato's ownership and prior use of the BOTA® Marks and, without Delicato's consent, willfully violated 15 U.S.C. § 1125(a).

53.  Femme Bota, by its actions, has damaged Delicato in an amount to be determined at trial.

54.  Femme Bota, by its actions, has irreparably injured Delicato.  Such irreparable injury will continue unless Femme Bota is preliminarily and permanently enjoined by this Court from further violating Delicato's rights, for which Delicato has no adequate remedy at law.

## VIII.  THIRD CLAIM FOR RELIEF

(Petition for Cancellation of U.S. Trademark Registration No. 5,922,942)

55.  Delicato hereby repeats, realleges, and incorporates by reference paragraphs 1-54 of this Complaint as though fully set forth herein.

56.  This is a claim for cancellation of the Individual Defendants' U.S. Trademark Registration No. 5,922,942 under 15 U.S.C. § 1119.

57.  Since at least 2003, many years before the first use, filing, and registration dates of U.S. Trademark Registration No. 5,922,942, Delicato has continuously used its BOTA® Marks in connection with its products.  By virtue of Delicato's continuous and substantial use of its BOTA® Marks, the BOTA® Marks have become strong identifiers of Delicato and its products, and distinguish Delicato's products from those of others.  Delicato has built up significant and valuable goodwill in its BOTA® Marks.

58.     Delicato owns valid and enforceable federally registered trademarks for the BOTA® Marks.  The filing dates of the '182 Registration, '926 Registration, '650 Registration, and '255 Registration are all prior to the filing date of the Individual Defendants' U.S. Trademark Registration No. 5,922,942.

59.     Delicato will be damaged by continued registration of the Individual Defendants' U.S. Trademark Registration No. 5,922,942 in that the BOTA BACKPACK mark shown therein is confusingly similar to Delicato's BOTA® Marks.  The registration and use of the BOTA BACKPACK mark shown in U.S. Trademark Registration No. 5,922,942 in connection with the goods identified therein, namely, backpacks that carry beverages, are likely to cause confusion, or to cause mistake or to deceive within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d).

60.     In view of Delicato's prior rights and trademark registrations for the BOTA® Marks, the Individual Defendants are not entitled to federal registration of the BOTA BACKPACK mark shown in U.S. Trademark Registration No. 5,922,942, and this registration should be cancelled.

## IX.  FOURTH CLAIM FOR RELIEF

(Unfair Competition under California Business &

Professions Code §§ 17200 *et seq.*)

61.     Delicato hereby repeats, realleges, and incorporates by reference paragraphs 1-60 of this Complaint as though fully set forth herein.

62.     This is a claim against Femme Bota for unfair competition under California Business & Professions Code §§ 17200, *et seq.*

63.     By virtue of the acts complained of herein, Femme Bota has intentionally caused a likelihood of confusion among consumers and the public and has unfairly competed with Delicato in violation of Cal. Bus. & Prof. Code §§ 17200, *et seq.*

64.     Femme Bota's acts complained of herein constitute trademark infringement, unfair competition, and unlawful, unfair, or malicious business practices, which have injured and damaged Delicato.

First Amended Complaint
3:20-cv-7668-JSC                                    -10-

65.    Femme Bota, by its actions, has irreparably injured Delicato.  Such irreparable injury will continue unless Femme Bota is preliminarily and permanently enjoined by this Court from further violating Delicato's rights, for which Delicato has no adequate remedy at law.

## X.  FIFTH CLAIM FOR RELIEF

(California Common Law Unfair Competition)

66.    Delicato hereby repeats, realleges, and incorporates by reference paragraphs 1-65 of this Complaint as though fully set forth herein.

67.    This is a claim against Femme Bota for unfair competition under the common law of the State of California.

68.    Femme Bota's acts complained of herein constitute trademark infringement and unfair competition under the common law of the State of California.

69.    By virtue of the acts complained of herein, Femme Bota has willfully and intentionally caused a likelihood of confusion among the purchasing public in this Judicial District and elsewhere, thereby unfairly competing with Delicato in violation of the common law of the State of California.

70.    Femme Bota's aforementioned acts have damaged Delicato in an amount to be determined at trial.

71.    Femme Bota has irreparably injured Delicato.  Such irreparable injury will continue unless Femme Bota is preliminarily and permanently enjoined by this Court from further violating Delicato's rights, for which Delicato has no adequate remedy at law.

72.    Femme Bota's willful acts of unfair competition under California common law constitute fraud, oppression and malice.  Accordingly, Delicato is entitled to exemplary damages pursuant to Cal. Civ. Code Section § 3294(a).

## PRAYER FOR RELIEF

WHEREFORE, Delicato prays for judgment against Defendants as follows:

A.    That the Court render a final judgment in favor of Delicato and against Defendants on all claims for relief alleged herein;

B.      That the Court render a final judgment that Femme Bota has willfully violated the provisions of 15 U.S.C. § 1114 by infringing Delicato's trademark rights in at least the marks that are the subject of Delicato's U.S. Trademark Registration Nos. 3,519,182, 4,606,926, 4,581,650, and 4,693,255;

C.      That the Court render a final judgment that Femme Bota has violated the provisions of 15 U.S.C. § 1125(a) by willfully infringing the BOTA® Marks by using a false designation of origin, through the marketing, sale, and promotion of Femme Bota's products;

D.      That the Court direct the United States Patent and Trademark Office to cancel U.S. Trademark Registration No. 5,922,942;

E.      That the Court render a final judgment declaring that Femme Bota has violated California Business and Professions Code §§ 17200, *et seq.* by committing trademark infringement and unfairly competing with Delicato;

F.      That the Court render a final judgment declaring that Femme Bota has violated California common law by unfairly competing with Delicato;

G.      That Feme Bota, its agents, servants, employees, attorneys, successors, and assigns, and all other persons in active concert or participation with Femme Bota be enjoined from:

        i.      using the BOTA mark, the BOTA BACKPACK mark, or any other mark that is confusingly similar to the BOTA® Marks in connection with the advertisement, marketing, promotion, sale, or offer for sale of Femme Bota's products, including, but not limited to, products related to wine;

        ii.     using the BOTA mark, BOTA BACKPACK mark, or any confusingly similar variation of the BOTA® Marks in any manner that is likely to create the impression that Femme Bota's products originate from Delicato, are endorsed by Delicato, or are connected in any way with Delicato;

        iii.    filing any applications for registration of the BOTA mark, any trademarks including "BOTA", or any other mark that is confusingly similar to the BOTA® Marks;

iv.      falsely designating the origin of Femme Bota's products;

v.      unfairly competing with Delicato in any manner whatsoever; and,

vi.      causing a likelihood of confusion or injury to Delicato's business reputation;

H.    That Femme Bota be directed to file with this Court and serve on Delicato within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which they have complied with the injunction pursuant to 15 U.S.C. § 1116;

I.    That Femme Bota be required to account to Delicato for any and all profits derived by Femme Bota and all damages sustained by Delicato by virtue of Femme Bota's acts complained of herein;

J.    That Femme Bota be ordered to pay Delicato all damages which Delicato has sustained as a consequence of the acts complained of herein, subject to proof at trial, together with prejudgment and post-judgment interest;

K.    That this case be deemed exceptional and the amount of damages be trebled and that the amount of profits be increased by as many times as the Court deems appropriate, pursuant to 15 U.S.C. § 1117;

L.    That Delicato be awarded exemplary damages from Femme Bota pursuant to Cal. Civ. Code. § 3294;

M.    That Femme Bota's actions be deemed willful;

N.    That an award of reasonable costs, expenses, and attorneys' fees be awarded to Delicato pursuant to at least 15 U.S.C. § 1117;

O.    That Femme Bota be required to deliver and destroy all devices, literature, advertising, goods, packaging, and other unauthorized materials bearing the BOTA mark, the BOTA BACKPACK mark, or any confusingly similar marks, pursuant to 15 U.S.C. § 1118;

P.    That Delicato be awarded restitution and disgorgement; and,

Q.    That Delicato be awarded such other and further relief as this Court may deem just.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 19, 2020       By:  /s/ *Paul A. Stewart*
                                     Paul A. Stewart
                                     Ali S. Razai
                                     Nicole Rossi Townes
                                     David G. Kim

                                Attorneys for Plaintiff,
                                DELICATO VINEYARDS

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Delicato Vineyards hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated:  November 19, 2020            By:  /s/ *Paul A. Stewart*
                                                  Paul A. Stewart
                                                  Ali S. Razai
                                                  Nicole Rossi Townes
                                                  David G. Kim

                                                  Attorneys for Plaintiff,
                                                  DELICATO VINEYARDS

33892778