Paul W. Reidl (SBN 155221)
LAW OFFICE OF PAUL W. REIDL
25 Pinehurst Lane
Second Floor
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
paul@reidllaw.com

*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DELICATO VINEYARDS,**<br><br>      Plaintiff,<br><br>   v.<br><br>**ALEXA COHN, KATIE BARRY, ANDREW COHN, and FEMME BOTA, LLC,**<br><br>      Defendants. | Case No. 5:20-cv-07668-BLF<br><br>**DEFENDANTS' ANSWER** |

Defendants, by and through their counsel, hereby answer the First Amended Complaint as follows, on information and belief:

1.  Defendants admit that Plaintiff is a family-owned winery, that it sells wine bearing a BOTA BOX trademark, and that Femme Bota sells designer hydration backpacks under a BOTA BACKPACK mark; otherwise, the allegations in Paragraph 1 of the First Amended Complaint are denied.

2.  Defendants admit the allegations in Paragraph 2 of the First Amended Complaint.

3.  Defendants admit that Paragraph 3 of the First Amended Complaint states the allegations made therein.

4. Defendants admit the allegations of Paragraph 4 of the First Amended Complaint.

5. Defendants do not contest the Court's exercise of personal jurisdiction; otherwise, the allegations of Paragraph 5 of the First Amended Complaint are denied.

6. Defendants do not contest the Court's exercise of personal jurisdiction; otherwise, the allegations of Paragraph 6 of the First Amended Complaint are denied.

7. Defendants do not contest the venue of this matter; otherwise, the allegations of Paragraph 7 of the First Amended Complaint are denied.

8. Defendants do not contest the venue of this matter; otherwise, the allegations of Paragraph 8 of the First Amended Complaint are denied.

9. The allegations of Paragraph 9 of the First Amended Complaint are admitted.

10. Defendants deny that its principal place of business is in San Francisco; otherwise, the allegations of Paragraph 10 of the First Amended Complaint are admitted.

11. The allegations of Paragraph 11 of the First Amended Complaint are admitted.

12. Defendants admit the first and third sentences of Paragraph 12 of the First Amended Complaint are admitted; otherwise, the allegations are denied.

13. The allegations of Paragraph 13 of the First Amended Complaint are admitted.

14. Defendants admit that Plaintiff is a family owned winery; otherwise, the allegations of Paragraph 14 of the First Amended Complaint are denied.

15. The allegations of Paragraph 15 of the First Amended Complaint are denied.

16, The allegations of Paragraph 16 of the First Amended Complaint are denied.

17. The allegations of Paragraph 17 of the First Amended Complaint are admitted.

18. The allegations of Paragraph 18 of the First Amended Complaint are admitted.

19. The allegations of Paragraph 19 of the First Amended Complaint are admitted.

20. The allegations of Paragraph 20 of the First Amended Complaint are admitted.

21. The allegations of Paragraph 21 of the First Amended Complaint are denied.

22. Defendants admit that Femme Bota began using the mark BOTA BACKPACKS for designer, hydration backpacks after Plaintiff began using its trademarks for wine; otherwise, the allegations of Paragraph 22 of the First Amended Complaint are denied.

23. Defendants admit that it filed application SN 87/883,248 on April 18, 2018 for the mark BOTA BACKPACK, that the term "Backpack" was ultimately disclaimed, that the Examining Attorney never objected to the registration of this mark based on a citation to Plaintiff's marks for wine, and that the mark was registered on the Supplemental Register because the term "Bota" is merely descriptive of a type of container for a liquid; otherwise, the allegations of Paragraph 23 of the First Amended Complaint are denied.

24. The allegations of Paragraph 24 of the First Amended Complaint are admitted.

25. The allegations of Paragraph 25 of the First Amended Complaint are admitted.

26. The allegations of Paragraph 26 of the First Amended Complaint are admitted.

27. The allegations of Paragraph 27 of the First Amended Complaint are admitted.

28. The allegations of Paragraph 28 of the First Amended Complaint are denied.

29. Defendants admit that the web site advertises an $80 designer MAYFAIR hydration backpack; otherwise, the allegations or Paragraph 29 of the First Amended Complaint are denied.

30. Defendants admit that is was informed of Plaintiff's use of BOTA BOX and the other BOTA marks for wine at or around May 5, 2020 and that it has continued to use BOTA in connection with designer hydration backpacks because there is no infringement of Plaintiff's marks for wine; otherwise, the allegations or Paragraph 30 of the First Amended Complaint are denied.

31. The allegations of Paragraph 31 of the First Amended Complaint are denied.

32. The allegations of Paragraph 32 of the First Amended Complaint are denied.

33. The allegations of Paragraph 33 of the First Amended Complaint are denied.

34. The allegations of Paragraph 34 of the First Amended Complaint are denied.

35. The allegations of Paragraph 35 of the First Amended Complaint are denied.

36. The allegations of Paragraph 36 of the First Amended Complaint are denied.

37. Defendants incorporate by reference the responses to Paragraphs 1-37 of the First Amended Complaint and restate them as if fully set forth herein.

38. Defendants admit that the First Claim for Relief alleges trademark infringement; otherwise, the allegations of Paragraph 38 of the First Amended Complaint are denied.

39. Defendants admit that Plaintiff owns the stated trademark registrations; otherwise, the allegations of Paragraph 39 of the First Amended Complaint are denied.

40. Defendants admit that they did not obtain Plaintiff's permission to use Plaintiff's marks for wine on and in connection with designer, hydration backpacks; otherwise, the allegations of Paragraph 40 of the First Amended Complaint are denied.

41. Defendants did not adopt their mark for designer, hydration backpacks to trade on Plaintiff's marks used for mass-produced, inexpensive wine, and thus the allegations of Paragraph 41 of the First Amended Complaint are denied.

42. The allegations of Paragraph 42 of the First Amended Complaint are denied.

43. The allegations of Paragraph 43 of the First Amended Complaint are denied.

44. The allegations of Paragraph 44 of the First Amended Complaint are denied.

45. The allegations of Paragraph 45 of the First Amended Complaint are denied.

46. Defendants incorporate by reference the responses to Paragraphs 1-45 of the First Amended Complaint and restate them as if fully set forth herein.

47. Defendants admit that the Second Claim for Relief alleges a claim under Section 2 (a) of the Act; otherwise, the allegations of Paragraph 47 of the First Amended Complaint are denied.

//

48. Plaintiff's marks do not have secondary meaning for hydration backpacks nor are they are inherently distinctive, and thus the allegations of Paragraph 48 of the First Amended Complaint are denied.

49. The allegations of Paragraph 49 of the First Amended Complaint are denied.

50. The allegations of Paragraph 50 of the First Amended Complaint are denied.

51. The allegations of Paragraph 51 of the First Amended Complaint are denied.

52. The allegations of Paragraph 52 of the First Amended Complaint are denied.

53. The allegations of Paragraph 53 of the First Amended Complaint are denied.

54. The allegations of Paragraph 54 of the First Amended Complaint are denied.

55. Defendants incorporate by reference the responses to Paragraphs 1-54 of the First Amended Complaint and restate them as if fully set forth herein.

56. Defendants admit that the Third Claim for Relief alleges a claim for cancellation of Defendants' trademark registration; otherwise, the allegations of Paragraph 56 of the First Amended Complaint are denied.

57. In response to Paragraph 57 of the First Amended Complaint, Defendants admit that Plaintiff has used its marks on wine, but denies that the scope of protection for its wine marks reaches designer, hydration backpacks as such would only be actionable under a dilution claim, which has not been pleaded.

58. Defendants admit that Plaintiff owns the cited registrations; otherwise, the allegations of Paragraph 58 of the First Amended Complaint are denied.

59. The allegations of Paragraph 59 of the First Amended Complaint are denied.

60. The allegations of Paragraph 60 of the First Amended Complaint are denied.

61. Defendants incorporate by reference the responses to Paragraphs 1-60 of the First Amended Complaint and restate them as if fully set forth herein.

62. Defendants admit that the Fourth Claim for Relief alleges a claim for unfair competition under B & P § 17200; otherwise, the allegations of Paragraph 62 of the First Amended Complaint are denied.

63. The allegations of Paragraph 63 of the First Amended Complaint are denied.

64. The allegations of Paragraph 64 of the First Amended Complaint are denied.

65. The allegations of Paragraph 65 of the First Amended Complaint are denied.

66. Defendants incorporate by reference the responses to Paragraphs 1-65 of the First Amended Complaint and restate them as if fully set forth herein.

67. Defendants admit that the Fifth Claim for Relief alleges a claim for unfair competition under California common law; otherwise, the allegations of Paragraph 67 of the First Amended Complaint are denied.

68. The allegations of Paragraph 68 of the First Amended Complaint are denied.

69. The allegations of Paragraph 69 of the First Amended Complaint are denied.

70. The allegations of Paragraph 70 of the First Amended Complaint are denied.

71. The allegations of Paragraph 71 of the First Amended Complaint are denied.

72. The allegations of Paragraph 72 of the First Amended Complaint are denied.

**AFFIRMATIVE DEFENSES**

1. The First Amended Complaint fails to state a claim on which relief can be granted as to Alexa Cohn, Katie Berry and Andrew Cohn.

2. **Unclean hands**.  Assuming that Plaintiff can prove that consumers are likely to mistakenly believe that Plaintiff's family winery is the source or sponsor of Defendants' BOTA BACKPACK designer hydration backpacks, which is highly doubtful, its claims should be barred by the doctrine of unclean hands.  Plaintiff did not coin the term "bota."  A "bota" is traditional Spanish container, often made out of leather, that is used for wine.  That is the reason Plaintiff adopted it.  Every

trademark application requires the applicant to state whether the term has any significance in the trade. Knowing that "bota" was a descriptive term for a wine container, Plaintiff did not disclose this to the PTO on any of its applications because it knew that had it followed the rules and disclosed this material fact, it would have been required to disclaim the exclusive rights to "Bota." This would have been inconsistent with its business objectives. And with respect to the BOTA registration, that would have been refused as primarily, merely descriptive. Thus, in this case, Plaintiff is asserting rights in a merely descriptive term that it knew was descriptive when it filed its applications. Having bamboozled the PTO, as a matter of equity, Plaintiff should not be rewarded for its subterfuge and the Court should not permit enforcement of its registered marks against any third parties such as Defendants.

3. Defendants reserve the right to amend their Answer to assert such additional Affirmative Defense as may be disclosed during discovery.

WHEREFORE, Defendants pray that Plaintiff take nothing on its claims and that the Court find, after considering the totality of the circumstances, that this is an "exceptional case" under the Lanham Act, and that it award Defendants their attorneys' fees because there is no plausible basis for any of the claims, and because Plaintiff trying to assert rights in gross over "Bota" even though it does not qualify for dilution protection.

Respectfully submitted,

/s/ Paul W. Reidl

January 11, 2021

Paul W. Reidl (SBN 155221)
**LAW OFFICE OF PAUL W. REIDL**
Second Floor
25 Pinehurst Lane
Half Moon Bay, CA 94019
Telephone: (650) 560-8530
paul@reidllaw.com

Attorney for Defendants

**PROOF OF SERVICE**

I, the undersigned, declare and certify as follows:

I served the following document (attached hereto):

**NOTICE OF ENTRY OF APPEARANCE**

**(XX) VIA CM/ECF FILING SYSTEM.** The undersigned hereby certifies that he caused a copy of the foregoing document(s) to be filed with the clerk of the U.S. District Court, Northern District of California, using the CM/ECF filing system, which caused a copy to be mailed electronically to the following CM/ECF Participant(s) on January 11, 2021:

Paul Stewart
paul.stewart@knobbe.com

Ali Razai
ali.razai@knobbe.com

Nicole Townes
Nicole.townes@knobbe.com

David Kim
David.kim@knobbe.com

Executed on January 11, 2021, at Half Moon Bay, California.

*[signature]*
_____