1

2

3 **UNITED STATES DISTRICT COURT**

4 **NORTHERN DISTRICT OF CALIFORNIA**

5 **SAN JOSE DIVISION**

6

7 DELICATO VINEYARDS,                              Case No.  20-cv-07668-BLF

8            Plaintiff,

9        v.                                        **ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS REGARDING DEFENDANTS' UNCLEAN HANDS DEFENSE**

10 ALEXA COHN, et al.,

11           Defendants.

[Re:  ECF No. 31]

12

13

14        Before the Court is Plaintiff's partial motion for judgment on the pleadings regarding

15 Defendants' unclean hands defense.  This is a trademark infringement and unfair competition action

16 in which Plaintiff Delicato Vineyards, a wine manufacturer that owns registered trademarks for

17 "BOTA," "BOTA BOX," "BOTA MINI," and "BOTA BRICK" in connection with sales of wine

18 products, is suing for infringement of its trademarks based on Defendants' alleged use of the marks

19 "BOTA" and "BOTA BACKPACK" in connection with sales of backpacks for carrying beverages.

20 First Amended Complaint ("FAC"), ECF No. 9 ¶¶ 1, 37-72.  In their answer to Plaintiff's complaint,

21 Defendants assert an unclean hands defense based on allegations that Plaintiff deceived the U.S.

22 Patent and Trademark Office ("USPTO") during prosecution of their trademarks by failing to

23 disclose that "bota" is a term for a traditional Spanish wine container, typically made of leather.

24 Answer, ECF No. 19 at 6-7.  If disclosed, Defendants allege this information would have led the

25 USPTO to refuse registration for Plaintiff's "BOTA" trademark as descriptive.  *Id.*  Plaintiff moves

26 for partial judgment on the pleadings as to Defendants' unclean hands defense, arguing that

27 Defendants failed to plead the necessary elements of fraud on the USPTO.  *See* Motion, ECF No.

28 31.  On November 3, 2021, the Court held a hearing on Plaintiff's motion.

**A.    Request for Judicial Notice**

As a threshold matter, Plaintiff requests judicial notice of the file histories for its registered trademarks.  Decl. of Nicole R. Townes, ECF No. 31-1.  Defendants do not oppose.  *See* Opposition, ECF No. 32.  Courts may "judicially notice a fact that is not subject to reasonable dispute because it…can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."  Fed. R. Civ. Pro. 201(b)(2).  "Records and reports of administrative bodies" are judicially noticeable.  *Interstate Nat. Gas Co. v. S. Cal. Gas Co.*, 209 F.2d 380, 385 (9th Cir. 1953).  Accordingly, the Court GRANTS Plaintiff's request for judicial notice of the file histories for its trademarks.

**B.    Discussion**

The parties disagree on the elements Defendants must plead for their unclean hands defense.  Plaintiff argues that since Defendants' unclean hands defense is based on fraud on the USPTO, Defendants must plead (1) false, material representations of fact in connection with their application and (2) an intent to deceive.  Motion, ECF No. 31 at 4-7 (citing *In re Bose Corp.*, 580 F.3d 1240, 1243-45 (Fed. Cir. 2009)).  Further, Plaintiff argues that Defendants must plead the elements of fraud with particularity under Federal Rule of Civil Procedure 9(b).  *Id.* at 5.  Defendants argue that unclean hands only requires a showing of (1) inequitable conduct that (2) relates to the subject matter of Plaintiff's claims.  Opposition, ECF No. 32 at 2 (citing *Fuddruckers, Inc. v. Doc's B.R. Others, Inc.*, 826 F.2d 837, 847 (9th Cir. 1987)).  Further, Defendants argue that bad faith is sufficient to show inequitable conduct.  *Id.* (citing *Pfizer, Inc.v. Int'l Rectifier Corp.*, 685 F.2d 357, 359 (9th Cir. 1982)).  The Court agrees with Defendants that the elements of an unclean hands defense are not the same as the elements of fraud.  *Fuddruckers*, 826 F.2d at 847.  The Court finds that to properly plead their unclean hands defense, Defendants are only required to allege inequitable conduct, including bad faith, that relates to the subject matter of Plaintiff's claims.  *Id.*; *Pfizer*, 685 F.2d at 359.

Judgment on the pleadings is appropriate if, assuming the truth of all material facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law.  *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989).  Assuming the

1   truth of all material facts Defendants pled in support of their unclean hands defense, the Court finds

2   that Plaintiff is not entitled to judgment on the pleadings.   Defendants have pled that Plaintiff

3   withheld information from the USPTO that would have caused it to refuse registration for Plaintiff's

4   trademarks as descriptive.   Answer, ECF No. 19 at 6-7.   There is no dispute that Plaintiff's alleged

5   conduct relates to the subject matter of Plaintiff's claims—it pertains to prosecution of trademarks

6   Plaintiff is asserting.   *Id.*; FAC, ECF No. 9 ¶ 1.   Further, the Court cannot at this juncture determine

7   as a matter of law that Plaintiff's alleged withholding of information from the USPTO is not bad

8   faith or inequitable conduct.   *Pfizer*, 685 F.2d at 359.   Defendants allege, *inter alia*, that Plaintiff

9   did not disclose that "bota" refers to a traditional Spanish wine bag "because it knew that had it

10   followed the rules and disclosed this material fact, it would have been required to disclaim the

11   exclusive rights to 'Bota.'"   Answer, ECF No. 19 at 7.

12         Plaintiff argues that the information it allegedly withheld from the USPTO—that "bota"

13   refers to a traditional Spanish wine bag—is immaterial.   Motion, ECF No. 31 at 5-7.   Defendants

14   argue that they alleged in their answer that Plaintiff failed to disclose the information "knowing that

15   [its] disclosure … would have led to the refusal of its registration because it is a descriptive term."

16   Opposition, ECF No. 32 at 4.   The Court agrees with Defendants.   The materiality of the information

17   Plaintiff allegedly withheld from the USPTO is a question of fact.   Assuming Defendants'

18   allegations to be true, the information regarding the meaning of "bota" that Plaintiff withheld would

19   have led the USPTO to refuse registration of Plaintiff's trademarks if disclosed.   Answer,

20   ECF No. 19, at 6-7.   At the November 3, 2021 hearing, the Court discussed with the parties a

21   response to an Office Action in the file history for Plaintiff's "BOTA" trademark where Plaintiff

22   stated that the mark "connotes…a traditional Spanish wine skin."   Decl. of Nicole R. Townes,

23   ECF No. 31-1, Ex. 1 at 46.   Plaintiff argued that this disclosure undermines Defendants' unclean

24   hands defense.   Defendants argued that since this disclosure was made at a later stage of prosecution,

25   there is a factual question as to whether it was procedurally improper and indicative of bad faith.

26   The Court agrees with Defendants.   Based on the allegations supporting Defendants' unclean hands

27   defense and the facts in the file histories for Plaintiff's trademarks, the Court cannot at this juncture

28   determine as a matter of law that Plaintiff's conduct did not constitute bad faith or inequitable

United States District Court
Northern District of California

3

1   conduct.  Further briefing and development of the record will be required.  The Court finds that

2   Plaintiff is not entitled to judgment on the pleadings as to Defendants' unclean hands defense.

3       **C.**    **Conclusion**

4       Accordingly, the Court hereby DENIES Plaintiff's partial motion for judgment on the

5   pleadings as to Defendants' unclean hands defense.

6       **IT IS SO ORDERED.**

7

8   Dated:  November 3, 2021

9

10   BETH LABSON FREEMAN
     United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

4